UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSM HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MANTU I.M. MOBILE LTD., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-04391-JST<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION; ORDER VACATING MOTION HEARING**<br><br>Re: ECF No. 12 |

Defendant Joseph Cayre removed this case from state court on the basis of diversity jurisdiction. ECF No. 1 at 3. The notice of removal states that "plaintiff HSM was and is a Delaware corporation with its principal place of business in California." *Id.* However, in the complaint filed in state court, HSM alleges that it is "a Delaware *limited liability company*, with its principal place of business in Alameda County, California." ECF No. 1-1 at 4 (emphasis added). This distinction is significant for purposes of determining diversity jurisdiction because, like a partnership, a limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Although the complaint does not allege the identity of the members of the LLC, HSM has filed a corporate disclosure statement that "HSM Holdings, LLC is owned 100% by Sotech LLC (a California LLC), as the sole member and managing member." ECF No. 9 at 2. But the record is silent on the membership of Sotech LLC and the citizenship of Sotech's members, which the Court must also consider when analyzing diversity jurisdiction. *See Johnson*, 437 F.3d at 899 (considering citizenship of the members of two LLCs, which were members of a partnership, to determine citizenship of the partnership).

As the removing defendant, Cayre "has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Thus far, he has failed to meet that burden because HSM's citizenship is unknown.

Accordingly, Cayre is ordered to show cause in writing, within 14 days of the date of this order, as to why this case should not be remanded for lack of subject matter jurisdiction. If HSM wishes to respond, it may file a responsive brief within seven days thereafter.

The December 4, 2019 hearing on Defendants' motion to dismiss, ECF No. 12, is vacated.

**IT IS SO ORDERED.**

Dated: November 25, 2019



JON S. TIGAR
United States District Judge